Ernest L. Jarrett
24800 Denso Dr. Suite 255
Southfield, MI 48033
(313) 964-2002 | (248) 569-5008 –(F)
eljlaw@yahoo.com

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNEST L. JARRETT　　Plaintiff-Appellant　v.ELWOOD LUI, individually and in his official capacity as Presiding Justice of the Court of Appeal of the State of California, Second Appellate District, Division P. | Docket No: 24-5901L.C. No.: 2:24-cv-01608-PSG-MARPLAINTIFF-APPELLANT'S REPLY BRIEF |

DATE: July 10, 2025

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/Ernest L. Jarrett
　　　　　　　　　　　　　　　　　　Ernest L. Jarrett (P29770)
　　　　　　　　　　　　　　　　　　In pro per
　　　　　　　　　　　　　　　　　　24800 Denso Dr. Suite 255
　　　　　　　　　　　　　　　　　　Southfield, MI 48033
　　　　　　　　　　　　　　　　　　(313) 964-2002 – (o)
　　　　　　　　　　　　　　　　　　eljlaw@yahoo.com

1

INTRODUCTION

In his Answering Brief, the defendant reiterates arguments he raised in the District Court, and upon which that Court based its decision to dismiss the Plaintiff's complaint. He contends, as he did below that Plaintiff's complaint required dismissal because:

    1) The District Court lacked subject matter jurisdiction pursuant to the *Rooker - Feldman* doctrine;
    2) The defendant was entitled to absolute judicial immunity; and
    3) Plaintiff's action was barred by the Eleventh Amendment.

Correct analyses of the applicability, or lack thereof, of any of the three aforementioned defenses require consideration of a number of separate and distinct factors unique to each of them. However, there are common, overarching and foundational issues which they share, and which should be examined at the onset.

First, an accurate characterization of the acts of the defendant and the nature of the order he unilaterally entered is critical to a proper disposition with respect to any of the urged defenses. Did the defendant act "judicially" or did he perform an administrative function? The answer to that question is key to a proper disposition in this appeal.

Similarly, how should Plaintiff's complaint be characterized? Is it an action for injunctive relief ? Or does it seek unpermissible review of a judicial disposition by a state court?

Plaintiff submits that this appeal turns on the answers to the questions set forth above. Accordingly, it is necessary to briefly revisit the underlying events in the Court of Appeal and closely scrutinize when and how the defendant became involved in them.

On April 27, 2023, Plaintiff filed his appeal in the California Court of Appeal, seeking review of a ruling adverse to him by the Los Angeles County Superior Court. After filing his appeal, he timely complied with all requirements of the applicable governing appellate rules, such as ordering transcripts, designating parts of the record for appeal, and payment of all fees.

One such requirement was his timely filing of his Civil Case Information Statement (E.R. 1, pp. 3-4). The filing of this statement occurred on July 21, 2022. One week later, on July 28, 2022, the Deputy clerk of the Court of Appeal sent a letter to the Plaintiff, directing him to demonstrate why his appeal should not be dismissed for being untimely filed.

It was the Deputy Clerk's letter which initiated the sequence of events which culminated in the filing of Plaintiff's complaint in the District Court. Thus, a proper analysis of the nature of action in the District Court has to begin with an accurate description of the Deputy Clerk of the Court of Appeal, the capacity in which he worked and the function he performed in writing the Plaintiff the letter.

It is irrefutable that the clerk of the Court of Appeal (and/or any Deputy Clerk, Assistant Clerk or other member of that office) is an administrative member of the Court of Appeal staff. He or she is not a judicial officer, and his or her authority does not extend to deciding or determining any appeal on the merits of the case.

The clerk takes in the papers filed, organizes them for eventual consideration by the judges (justices) and examines them for compliance with applicable rules.

When the Deputy Clerk directed the Plaintiff to demonstrate the timeliness of his appeal he was not requesting the Plaintiff to make substantive argument on any of the issues to be presented in the appeal. He was not attempting to usurp the judicial authority of the panel justices who would later hear and decide the appeal. Instead, he was performing the purely administrative, gate-keeping function of determining compliance with timing requirements by directing the Plaintiff to show that he had in fact taken his appeal in a timely manner. This raised an administrative question and sought a purely administrative response to it.

Thus, an administrative representative of the court, posed an administrative issue and

3

directed Plaintiff to respond administratively.

Plaintiff responded to the Deputy Clerk's letter by sending a letter of his own on August 8, 2023. He did not file a brief on the issue. No participation by either of his opposing parties was invited or intended. He had been directed to demonstrate his compliance with time requirements by letter, and he responded to this direction by letter.

The Deputy Clerk's letter did not scheduled a hearing on the issue of the timeliness of the appeal, nor was a hearing ever contemplated. Plaintiff's response to the letter was not submitted to a judicial panel panel for decision within the context of an adversarial proceeding, and no participation by Plaintiff's opposing parties was requested or expected. Clearly, the inquiry about, response to and disposition of the timeliness issue did not constitute an adversarial proceeding, and therefore no judicial determination was ever made, nor contemplated.

The order entered by the defendant did not result from any judicial proceedings. The judicial proceedings of the California Court of Appeal are prescribed generally by California Court Rule 8, and more particularly R. 8.366. Judicial determinations are only made by a three judge panel of the court, following the submission of briefs, consideration of arguments, and the panel undertaking its decision process as a panel. (See also Rules 8.252-8.272).

The defendant in this matter had no authority to render a judicial decision by himself. His only authority to make any judicial decisions is as a member of a three judge panel.

Notwithstanding the immutable, irrefutable fact that defendant's dismissal was administrative rather than judicial in nature, defendant nevertheless persists in begging the question by his repeated mischaracterization of his order as a "judicial" disposition. That is obviously because it is foundational to each of the defendant's urged defenses that the actions of the defendant be considered "judicial" in nature, rather than administrative. If the defendant

4

cannot be said to have acted judicially, then none of the defenses he relies upon are available to him and a reversal of the District Court's decision is required.

For essentially the same reasons, the defendant also mischaracterizes the nature of Plaintiff's complaint.

Defendant's Answering Brief is replete with his attempt to mislabel Plaintiff's complaint as an "appeal", rather than the complaint for the injunctive relief it actually is.

Beginning at page 2 of his brief, and no fewer than seven other times thereafter, the defendant refers to the Plaintiff's complaint as an "appeal" or a "*de facto* appeal" from Judge Lui's dismissal order. Its as if the defendant believes that mere repetition of his mischaracterization will somehow transform it into becoming an accurate description.

The action in the court below was brought pursuant to 42 USC § 1983, for injunctive relief, to permit Plaintiff to proceed with his appeal of the Superior Court's ruling. It is not a *de facto* appeal nor anything resembling an appeal. It is an action to remove a constitutionally impermissible barrier to Plaintiff's right to appeal.

Black's Law Dictionary, 11th edition defines an appeal as a "proceeding where a party seeks review of a lower court's decision by a higher court with the goal of having the decision reversed or modified".

In the instant case, Plaintiff did not seek "review" of the correctness of the defendant's decision. To the centrary, Plaintiff now understands that an order which sustains a demurrer, but does not dismiss the case is not a final, appealable order. So in that respect, Plaintiff never sought "review" of the defendant's order.

In his § 1983 complaint, Plaintiff alleges that the defendant deprived him of notice and an opportunity to be hard; dismissed his case without authority and refused to allow any curative

5

undertaking. As such the complaint clearly alleges that his right to appeal was taken from him without due process.

Because there were no "judicial" proceedings in the Court of Appeal and because by seeking injunctive relief Plaintiff seeks only to have constitutionally impermissible barriers to his exercise of rights guaranteed by the constitution removed, the action in the District Court was not an "appeal", actual or *de facto*. It was instead, an effort to remedy a Constitutional deprivation.

Because each of the defendant's asserted defenses are all premised upon he suit in the District Court being a *de facto* appeal of a judicial ruling, his arguments must necessarily fail. Nevertheless, Plaintiff will address each argument contained in the Answering Brief, thusly:

a.

The *Rooker - Felman* doctrine prohibits a federal court's exercise of subject matter jurisdiction over a suit which seeks review of a final determination in **judicial proceedings**. It precludes the federal courts from exercising jurisdiction *over an appeal*, actual or *de facto*, from a state court's determination in **judicial proceedings**. *Worldwide Church of God v. McNair,* 805 F. 2d 888 (9th Cir. 1986). It does not apply to administrative, legislative or ministerial proceedings. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

As set forth above, the defendant's order did not result from any judicial proceedings. It did not decide any aspect of the appeal on the merits. The defendant acted alone, not as a member of a three judge panel. Indeed, he acted *sua sponte*, without notice to the Plaintiff, and without affording him any opportunity to be heard on the issue. Thus, there were no proceedings of any description conducted by or in the Court of Appeal, much less judicial proceedings.

Defendant cites Cal. R. 10.1012 and contends that the rule "specifically grant[s] [the] administrative presiding justices the authority to dismiss an appeal" (Def's Ans. Br. P. 16). The

6

1  rule does grant a presiding justice the limited authority to dismiss an appeal under specific
2  limited circumstances as described in Cal. R. 10.1012 (b)(2). The instant case, however, did not
3  present the present the specifically limited circumstances which are set forth in the sub-rule.
4  　　　Furthermore, even the limited authority conferred by R. 10.1012 cannot be exercised in a
5  Constitutionally impermissible manner, or which deprives a party of Constitutionally protected
6  right.
7  　　　At page 16 of his brief, the defendant completely misstates what Plaintiff has argued. He
8  says:

> . . . Jarrett's contention that because Justice Lui
> performs administrative functions he is precluded
> from performing judicial functions is made entirely
> of whole cloth . . .

　　　Jarrett, never said anything of the sort! It is Defendant's statement that is made entirely of whole cloth.

　　　Stated accurately, it is Plaintiff's position that while acting in an administrative capacity, the defendant cannot have his rulings be considered to be "judicial" decisions. The Plaintiff has always assumed that the defendant can participate in rendering judicial functions while serving on a three-judge panel, and passing on the merits of an appeal after adversarial proceedings.

　　　The *Rooker-Felman* doctrine does not apply in the instant case. Therefore the District Court had subject-matter jurisdiction and should not have dismissed the case.

b.

　　　Defendant cites *Mereles v. Waco,* 502 U.S. 9 (1991) and says ". . . judges are immune from civil suits arising out of the exercise of **the exercise of their judicial functions**". (Def br. p. 17) (emphasis added). But the acts complained of were not "judicial" acts!.

7

Similarly, defendant quotes from the Supreme Court's holding in *Stump v. Sparkman,* 435 U.S. 349 (1978) in which the court held that a judge is absolutely immune from liability for his "judicial acts".

As set forth, *supra*, defendant was not performing any "judicial" acts in the instant case.

Administrative, executive, or legislative functions performed by a judge are not protected by absolute **judicial** immunity. *Forrester v. White,* 484 U.S. 219 (1988).

c.

In his initial brief, Plaintiff cited *Ex Parte Young,* 209 U.S. 123 (1908) which held that the Eleventh Amendment does not bar an action to enjoin unconstitutional acts. Likewise in *Edelman v. Jordan*, 415 U.S. 651 (1974) the Supreme Court held that an action under 42 USC § 1983, to enjoin an Illinois administrator from unconstitutional disbursement of welfare benefits was not barred by the Eleventh Amendment.

Defendant argues that *Young,* supra does not apply because the Plaintiff's complaint does not seek prospective injunctive relief.

Plaintiff clearly seeks injunctive relief which will prospectively allow him to proceed with his appeal from the Superior Court decision. *Young* and *Edelman* both apply. (See also *Brown v. Board of Education*, 347 U.S. 483 (1954).

CONCLUSION

Plaintiff reiterates that the decision of the District Court must be reversed.

                                              Respectfully submitted,

                                              /s/Ernest L. Jarrett  
                                              Ernest L. Jarrett (P29770)  
                                              In Pro Per  
                                              24800 Denso Dr. Suite 255  
                                              Southfield, MI 48033  
                                              313 964-2002 - (o)